UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GEORGE,

    Petitioner,                        Civil No. 2:09-CV-13080
                                            HONORABLE GEORGE CARAM STEEH
v.                                   UNITED STATES DISTRICT JUDGE

CINDI CURTIN,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

John George, ("Petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for assault with intent to rob while armed, M.C.L.A. 750.89; breaking and entering a building with intent to commit larceny, M.C.L.A. 750.110; and felony-firearm, M.C.L.A. 750.227b.   For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

### I. Background

Petitioner pleaded no contest to the above charges in the Oakland County Circuit Court in Case # 02-185639-FC. [1]  On January 21, 2003, petitioner was

---

[1]  Petitioner does not specify how many counts that he was convicted of.  However, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner pleaded no contest in the Oakland County Circuit Court in Case # 02-85639- FC to

sentenced to eighteen to fifty years in prison on the assault with intent to rob while armed convictions, ten to fifty years in prison on the breaking and entering conviction, and received consecutive two year prison terms on the felony-firearm convictions. [2]

Petitioner's conviction and sentence was affirmed on appeal. *People v. George,* No. 284058 (Mich.Ct.App. June 2, 2008); *lv. den.* 482 Mich. 1065; 757 N.W. 2d 457 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Was Defendant deprived of his constitutional amendments rights V, XIV due process when the court failed to establish the requisite factual foundation for acceptance of the no contest plea?
>
> II. Petitioner was deprived of constitutional amendment rights V, XIV of due process when the court wrongly assessed restitution.
>
> III. Petitioner was deprived of constitutional amendment rights V, VI, XIV of due process and effective assistance of trial counsel when counsel failed to object to the foregoing errors.

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a

---

two counts of assault with intent to rob while armed, one count of breaking and entering, and three counts of felony-firearm, for an offense that occurred on June 21, 2002. It also appears that petitioner was convicted of being a fourth felony habitual offender pursuant to M.C.L.A. 769.12, although he does not mention this conviction in his petition.

[2] On the same day, petitioner received prison sentences on ten additional counts of armed robbery, assault with intent to rob while armed, breaking and entering, and felony-firearm in two other Oakland County Circuit Court case files, # 02-185604-FC and 02-185695-FC. Petitioner does not challenge these convictions in this petition.

>  person in custody pursuant to the judgment of a State court
>  shall not be granted with respect to any claim that was
>  adjudicated on the merits in State court proceedings unless
>  the adjudication of the claim–
>  (1)  resulted in a decision that was contrary to, or involved
>  an unreasonable application of, clearly established
>  Federal law, as determined by the Supreme Court of
>  the United States; or
>  (2)  resulted in a decision that was based on an
>  unreasonable determination of the facts in light of the
>  evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are

3

also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

### III. Discussion

**A. Claim # 1. The inadequate factual basis claim.**

Petitioner first contends that there was an insufficient factual basis for the

court to accept his no contest plea.

There is no federal constitutional requirement that a factual basis be established to support a guilty or no contest plea. See *Roddy v. Black,* 516 F. 2d 1380, 1385 (6th Cir. 1975); *See also Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (2001). Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty or no contest plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty or no contest plea. *Holtgrieve,* 174 F. Supp. 2d at 582. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir. 1995). Petitioner's claim that the trial court failed to establish a sufficient factual basis to support his no contest plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583.

Moreover, contrary to petitioner's assertion, a police report can provide a sufficient factual basis under Michigan law to establish a no contest plea. *See People v. Harvey,* 146 Mich. App. 631, 635; 381 N.W.2d 779 (1985). Petitioner

5

is not entitled to habeas relief on his first claim.

### B.  Claim # 2.  The restitution claim.

Petitioner next alleges that the trial court improperly assessed restitution in the amount of $ 3,708.00 without any testimony or the introduction of the presentence report.

Petitioner does not state a claim upon which federal habeas relief can be granted.  Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995).  Continuing liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty as to warrant habeas relief. *Barnickel v. United States*, 113 F. 3d 704, 706 (7th Cir. 1997)(*quoting Tinder v. Paula*, 725 F. 2d 801, 805 (1st Cir. 1984)); *See also Flores v. Hickman,* 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008).  Because the appropriate relief would be an amendment of the court's order of restitution and not release from custody, the grant of a writ of habeas corpus or other postconviction relief would be inappropriate. *United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998).

Petitioner's current restitution order is not a sufficient enough restraint on his liberty so as to warrant habeas relief.  Moreover, petitioner still has available state remedies if he is unable to pay this restitution.  Under M.C.L.A. 780.766

(12), petitioner may at any time petition the sentencing judge or his or her successor to modify the method of payment and the sentencing judge may modify the method of payment if the court determines that payment under the order would impose a manifest hardship to the defendant or his family. In addition, M.C.L.A. 780.766(14) indicates that a defendant shall not be incarcerated for a violation of probation or parole for failure to pay the ordered restitution unless either the court or the parole board determines that the defendant has the resources to pay the ordered restitution and has not made a good faith effort to do so. If petitioner's parole was either extended or revoked due to his failure to pay restitution, he would then be "in custody" and this Court would have the jurisdiction to hear his claim. However, until such time, the threat that petitioner's liberty will be severely restrained is "too speculative to warrant the exercise of federal habeas jurisdiction." *Tinder*, 725 F. 2d at 806. Petitioner is not entitled to habeas relief on his second claim.

### C.  Claim # 3.  The ineffective assistance of counsel claim.

Petitioner lastly contends that he was deprived of the effective assistance of trial counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing

7

that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a habeas petitioner must identify those acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance on the part of counsel. *See Gardner v. Kapture*, 261 F. Supp. 2d 793, 803-04 (E.D. Mich. 2003)(*quoting Strickland,* 466 U.S. at 690). A reviewing court's scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 689. Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gardner,* 261 F. Supp. 2d at 804 (*quoting Strickland,* 466 U.S. at 694). A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.*

Petitioner first contends that his trial counsel was ineffective for failing to object to the taking of the no contest plea, presumably because of the

8

inadequate factual basis.

Petitioner has failed to establish that counsel erred in stipulating that the police reports provided a sufficient factual basis for the charges, because as noted above, those reports would have provided a sufficient factual basis for the no contest plea. *See e.g. Christian v. Trombley,* No. 2008 WL 5111893, * 6 (E.D. Mich. December 2, 2008).

Moreover, assuming that counsel was deficient, petitioner is unable to show that he was prejudiced by counsel's deficiencies regarding the advice to plead no contest. In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty (or no contest) plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded

9

guilty or no contest, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004); *See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001).

     In the present case, petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no contest. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005). Petitioner does not indicate what defenses, if any, that he had to these charges. Because petitioner does not explain what viable defense that he had in this case, he has failed to show that counsel was ineffective in advising him to plead no contest. *Id.*

     Petitioner next contends that his trial counsel was ineffective for failing to object to the amount of restitution imposed by the trial court at sentencing. Petitioner, however, offers no evidence or argument to establish that the amount of restitution imposed in this case was inaccurate. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *Malcum v. Burt,* 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003). Because petitioner does not offer any argument as to what counsel could have done to obtain a different result at sentencing with respect to the amount of restitution, he is not entitled to habeas relief on this claim. *See Dorchy v. Jones,*

10

320 F. Supp. 2d 564, 581 (E.D. Mich. 2004).

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d 621, 629

(E.D. Mich. 2001).  Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2d Cir. 1979).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers,* 159 F. Supp. 2d at 629.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  August 26, 2009

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 26, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk